LUCILLE FAISON, PLAINTIFF-APPELLANT, v. SHIRLEY
GREEN, DIRECTOR, NEWARK DIVISION OF WELFARE,
DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 14, 1979—Decided December 11, 1979.

Before Judges CRANE, MILMED and KING.

*W. Marshall Prettyman,* Essex-Newark Legal Services, argued the cause for appellant.

*Hugh B. Gallagher,* Assistant Corporation Counsel, City of Newark, argued the cause for respondent (*Salvatore Perillo,* Corporation Counsel, City of Newark, attorney; *Hugh B. Gallagher,* Assistant Corporation Counsel, on the brief).

The opinion of the court was delivered by

MILMED, J. A. D.

Plaintiff appeals from a denial by the Essex County Juvenile and Domestic Relations Court of her motion to compel defendant Director of the Newark Division of Welfare (Division) to provide her with a general assistance allowance for the months of July and August 1978.

The essential facts are not in dispute. Plaintiff has been employed by the Newark Board of Education (Board) as a school aide since 1972. She works for the Board during the school year, *i. e.,* from September to June, and is unemployed during the summer months. Her annual salary is approximately $2,681. During 1976 and 1977 she applied for and received general assistance from the City of Newark during the summer months. Although she returned to work in September 1977, she continued to receive monthly assistance through January 1978. During each of these months she reported to the Division's office and signed its form of "Statement of Income," stating, in essence, that she had no income at the time. She claims that she signed the form indicating "no income" under protest and only after she was instructed to do so by her caseworker. It appears

that the Division filed a criminal complaint against plaintiff alleging fraudulent receipt of welfare payments. Plaintiff pleaded not guilty and was thereafter referred to the County Pretrial Intervention (PTI) Program.

On June 26, 1978 plaintiff received her last pay check from the Board for the school year September 1977—June 1978. She applied, but was found ineligible, for unemployment compensation benefits. In the middle of July 1978 she sought to reapply to the Division of Welfare for general assistance but was not permitted to do so "until the matter of the alleged fraud was cleared up and because she had not paid back any of the overpayment" of $578. Plaintiff claims she is willing to pay back any overpayment but is "financially unable to do so" at present.

In view of the Division's refusal to accept her application, plaintiff determined that she had "no administrative remedy,"[1] and sought review of the Division's action in the Juvenile and Domestic Relations Court pursuant to *N.J.S.A.* 44:1–86 and an order therein requiring defendant to grant her general assistance for the months of July and August 1978. After hearing counsel for the parties, the judge denied her "motion" after finding that "she is not entitled to be paid [general assistance] for those two months" since "she was working for the Board of Education in Newark at the time she was receiving this welfare, and did not make known her employment to the Newark Welfare Board." This appeal followed.

Plaintiff contends that (1) "[p]ast fraud is not a bar to present assistance"; (2) she "is not ineligible for welfare because of her

---

[1]But see *N.J.A.C.* 10:85–7.4. Although there was no "decision resulting from a local hearing," see *N.J.A.C.* 10:85–7.4(a), an appeal from the Division's inaction, with request for a state fair hearing thereon, would have been entirely appropriate in the circumstances. Compare, *Johnson v. N. J. State Parole Bd.,* 131 *N.J.Super.* 513, 517 (App.Div.1974), certif. den. 67 *N.J.* 94 (1975), regarding appellate review of final decisions and actions or "inaction" of state administrative agencies.

employment during the school year"; (3) section 251 of the General Assistance Manual, relating to fraudulent receipt of assistance, *N.J.A.C.* 10:85–2.6, "as interpreted by defendant-respondent, is unconstitutional," and (4) the judge of the Juvenile and Domestic Relations Court "did not fully develop the record" and, accordingly, "there was no basis for his factual findings."

■ Our canvass of the record discloses no sound basis whatever for the finding by the judge who heard plaintiff's motion that she "did not make known her employment [with the Newark Board of Education] to the Newark Welfare Board." There appears to have been no plenary hearing in the matter and no proofs taken from which a finding on the subject of disclosure could be made. Beyond this, it is clear to us that defendant wrongfully refused to allow plaintiff to apply for financial assistance for the summer months in 1978.

■ Defendant was obligated, pursuant to the pertinent public assistance laws of the State and administrative standards prescribed for their enforcement by the General Assistance Manual of the Department of Human Services, to accept plaintiff's July 1978 application and process and act upon it in light of plaintiff's needs at the time. *See Pier v. Speer*, 73 *N.J.L.* 633, 638 (E. & A.1906). And see the General Public Assistance Law, *L.*1947, *c.* 156; *N.J.S.A.* 44:8–107 *et seq.,* and the General Assistance Manual adopted pursuant to authority thereof, *N.J. A.C.* 10:85–1.1 *et seq.* Thus:

> It is the basic obligation of every municipality in the State to provide financial assistance and medical care to the extent established by State regulations for all persons living in that community who are in need. [*N.J.A.C.* 10:85–2.1(a)] When the individual indicates his/her decision to apply for general assistance, an application shall be taken immediately. [*N.J.A.C.* 10:85–3.2(b)(3)]
>
> When a person shall apply for public assistance for himself or his dependents, the director of welfare shall inquire into the facts, conditions and circumstances of the case, including customary place of abode, family connections, living

conditions, resources, income, and causes direct and indirect of the person's need, and such other matters as the commissioner [of the Department of Human Services] may require, making a written record thereof in such manner as may be prescribed by the commissioner. Upon ascertainment of the foregoing facts, conditions and circumstances, the director of welfare shall render assistance to an eligible applicant or his dependents. The cost of public assistance shall be borne by the municipality which renders such assistance. [N.J.S.A. 44:8–121]

The director of welfare, by a written order, shall render such aid and material assistance as he may in his discretion, after reasonable inquiry, deem necessary to the end that such person may not suffer unnecessarily, from cold, hunger, sickness, or be deprived of shelter pending further consideration of the case. [N.J.S.A. 44:8–122]

The director of welfare upon completion of investigation shall determine whether or not continued assistance is necessary, and shall make such order as in his judgment is warranted, having due regard to the circumstances disclosed by investigation. [N.J.S.A. 44:8–123]

The fact that an applicant for public assistance or any of his dependents shall be receiving, or entitled to receive, income from other sources or compensation for part-time or casual services shall not make such person ineligible to receive public assistance if such income or compensation is insufficient to support him and his dependents properly but the amount of such income or compensation shall be taken into consideration in determining the amount of his public assistance by deducting from the amount of public assistance which he otherwise would be entitled to receive, the amount of such income or compensation. [N.J. S.A. 44:8–125]

The director of welfare may in his discretion summarily revoke any order for continued assistance whenever it shall appear that the person is no longer needy within the meaning of this act or will be otherwise adequately provided for. [N.J.S.A. 44:8–127]

For the purpose of determining the "immediate need" of the applicant

.  .  .  either at the time of initial application or at any point prior to completion of verification, moneys which may have been received in the past, even though recently, and which the applicant has already spent cannot be counted as available [income] so long as he/she provides reasonable explanation or evidence of such expenditures. [N.J.A.C. 10:85–3.3(b)(3)] ·

And, it is clear from a reading of the full text of *N.J.A.C.* 10:85–2.6, relating to fraudulent receipt of assistance, that if it appears "during investigation of an application for assistance" that there is "substantial evidence" that the application is fraudulent, *i. e.,* that the applicant is thereby "obtaining or attempting to obtain payments of assistance to which" he or she "is not entitled, by means of willful misrepresentation or by intentional concealment of a relevant fact," then and only then is "disposition of the application" to be "deferred pending resolution of the issue."

We are, accordingly, satisfied that plaintiff's application for general assistance for July and August 1978 should have been accepted by defendant and expeditiously investigated and acted upon in accordance with the above-mentioned applicable statutory provisions and administrative criteria, "to the end that [plaintiff] may not suffer unnecessarily, from cold, hunger, sickness, or be deprived of shelter   .   .   . ." *N.J.S.A.* 44:8–122; *Pascucci v. Vagott,* 71 *N.J.* 40, 48 (1976).   If, upon completion of the defendant's investigation, plaintiff's need for the requested assistance is established and she is found to be eligible therefor, defendant should determine the "nature and amount of grant entitlement." *N.J.A.C.* 10:85–2.2(d)(5)(i).   If it is found that overpayments of assistance were made in the past, recoupment may be had in the manner provided by *N.J.A.C.* 10:85–3.6.   In this regard we note that "[d]eductions [from future assistance grants] for overpayments which resulted from agency error or for any reason other than willful withholding of information are not authorized." *N.J.A.C.* 10:85–3.6(a)(2).

The order under review is reversed and the matter is remanded to the defendant Director for acceptance of and action upon plaintiff's application in accordance with this opinion.   In view of this disposition of the appeal, we find no need to comment on any of plaintiff's remaining contentions.   We do not retain jurisdiction.